UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MOHAMMAD M. SARDER,

                                              **ORDER**

                    Plaintiff,

v.                                                    No. 23-CV-07312 (PMH)

UNITED STATES OF AMERICA, et al.,

                    Defendants.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

      Plaintiff commenced an action in the Supreme Court of the State of New York, County of Westchester, on or about June 9, 2022, against Sherry Ransom, DPM ("Ransom"); Mount Vernon Neighborhood Health Center, Inc. ("Mount Vernon"); and St. John's Riverside Hospital. (Doc. 1-1). On August 17, 2023, Ransom and Mount Vernon removed this action from state court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) on the grounds that they were deemed to be employees of the United States Public Health Service for purposes of civil actions such as the instant action, and for which the Federal Tort Claims Act provides the exclusive remedy. (Doc. 1).

      On October 3, 2023, the Court, by Order and Stipulation, substituted the United States of America as a defendant in place and stead of Ransom and Mount Vernon and Plaintiff voluntarily dismissed without prejudice his claims against the United States of America. Defendant St. John's Riverside Hospital, which is not alleged to be an employee of the United States Public Health Service or otherwise subject to the Federal Tort Claims Act (*see generally* Doc. 1), is the sole remaining Defendant.

      On October 3, 2023, the Court issued an Order directing Plaintiff and defendant St. John's Riverside Hospital shall show cause by letter filed via ECF why this action should not be

remanded to the state court from which it was removed on the grounds that this Court lacks subject matter jurisdiction over this action. (Doc. 15). The Court twice extended the deadline to respond, at Plaintiff's request, through December 8, 2023. (Docs. 16-19). No response has been filed to date.

As Defendant St. John's Riverside Hospital is not alleged to be an employee of the United States Public Health Service or otherwise subject to the Federal Tort Claims Act, there is no basis for the exercise of federal question jurisdiction in this matter. There also does not appear to be any basis for the exercise of diversity jurisdiction: Plaintiff is alleged to be a resident of the State of the New York (Doc. 1-1 ¶ 2); Defendant St. John's Riverside Hospital is alleged to be a domestic corporation organized under the laws of the State of New York (*id*. ¶ 12); and there is no allegation that the amount in controversy exceeds the $75,000 threshold (*see generally id*.).

In light of the foregoing, this action must be remanded to the state court from which it was removed on the grounds that this Court lacks subject matter jurisdiction.

Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this case.

All pending matters are hereby terminated.

SO-ORDERED.

Dated: White Plains, New York
       December 11, 2023

_____
Philip M. Halpern
United States District Judge